**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 2 7 2021

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**TAMMIE CAMP, Individually and on**
**Behalf of All Others Similarly Situated**                                    **PLAINTIFF**

vs.                                      No. 4:21-cv-_463_ – JM

**RT, INC., and JESSIE RUTH CULLUM**                                    **DEFENDANTS**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Tammie Camp ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Colby Qualls and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action ("Complaint") against Defendants RT, Inc., and Jessie Ruth Cullum (collectively "Defendant" or "Defendants"), she states and alleges as follows:

### I.    PRELIMINARY STATEMENTS

1.    This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA").

2.    Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policy and practice of failing to pay proper overtime compensation under the FLSA and the AMWA.

This case assigned to District Judge _Moody_
and to Magistrate Judge _Deere_

## II.    JURISDICTION AND VENUE

3.    The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.    This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.    The acts complained of herein were committed and had their principal effect against Plaintiff within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

6.    Plaintiff is an individual and resident of Craighead County.

7.    Separate Defendant RT, Inc. ("RT"), is a domestic, for-profit corporation.

8.    RT's registered agent for service of process is Ruth Cullum, at 710 South Main Street, Jonesboro, Arkansas 72401.

9.    RT does business as Superior Senior Care.

10.    Separate Defendant Jessie Ruth Cullum ("Cullum") is an individual and resident of Arkansas.

11.    Defendant, in the course of its business, maintains a website at https://www.superiorseniorcare.com/.

## IV.    FACTUAL ALLEGATIONS

12.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

13.     Defendant provides in-home caregiving services throughout Arkansas.

14.     Cullum is a principal, director, officer, and/or owner of RT.

15.     Cullum took an active role in operating RT and in the management thereof.

16.     Cullum, in her role as an operating employer of RT, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined her work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

17.     Cullum, at relevant times, exercised supervisory authority over Plaintiff in relation to her work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

18.     Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

19.     Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and fuel.

20.      Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

21.     Defendant is an employer within the meaning of the FLSA and has been, at all times relevant herein, Plaintiff's employer.

22.     At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

23.     Defendant employed Plaintiff from June of 2011 until May of 2021.

24.     Plaintiff worked as Defendant's Office Manager until February of 2021, and as a Manager and Assistant Manager from February until May of 2021.

25.     At all times material herein, Defendant classified Plaintiff as an hourly employee, nonexempt from the overtime requirements of the FLSA.

26.     In addition to her hourly wage, Plaintiff received bonuses when she referred clients to Defendant.

27.     Defendant also employed other hourly employees who received referral bonuses (hereinafter, "bonusing employees").

28.     Defendant directly hired Plaintiff and other bonusing employees, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

29.     These bonuses were nondiscretionary because the bonuses were based on objective and measurable criteria, and hourly employees expected to receive these bonuses and did in fact receive the bonuses on a regular basis.

30.     Plaintiff regularly worked in excess of forty hours per week throughout her tenure with Defendant.

31.     Upon information and belief, other bonusing employees regularly or occasionally worked over forty hours during weeks in which they performed work related to their bonuses.

32.     Defendant paid Plaintiff and other hourly employees 1.5x times their base hourly rate for the hours they worked over 40 each week.

33.     However, Defendant did not include the bonuses that were paid to Plaintiff and other bonusing employees in their regular rates when calculating their overtime pay

even though Plaintiff and other bonusing employees received bonuses in pay periods in which they also worked in excess of forty hours per week.

34.    Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

35.    Defendant violated the FLSA and AMWA by not including all forms of compensation, such the nondiscretionary bonuses of Plaintiff and other bonusing employees, in their regular rate when calculating their overtime pay.

36.    Upon information and belief, the pay practices that violate the FLSA and AMWA alleged herein were the same at all of Defendant's facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

37.    Additionally, Plaintiff regularly worked hours which went unrecorded and uncompensated.

38.    Specifically, Plaintiff was generally not allowed to record more than 40 hours of work per week, but was assigned so much work that she was unable to complete all of her assigned tasks within scheduled work hours.

39.    Plaintiff estimates she regularly worked between 40 and 55 hours per week.

40.    Plaintiff completed all or almost all of her work on Defendant's premises.

41.    Defendant knew or should have known that Plaintiff was working hours which went unrecorded and uncompensated.

42.    Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other hourly employees violated the FLSA and AMWA.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

43.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

44.    Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.    Overtime premiums for all hours worked over forty hours in any week;

B.    Liquidated damages; and

C.    Attorney's fees and costs.

45.    Plaintiff proposes the following class under the FLSA:

**All hourly employees who received a bonus in connection with work performed in any week in which they worked over forty hours within the past three years.**

46.    In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

47.    The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

48.    The members of the proposed FLSA collective are similarly situated in that they share these traits:

A.    They were paid hourly;

B.      They were eligible for and received nondiscretionary bonuses;

C.      They worked over forty hours in at least one week in which they performed work related to a bonus; and

D.      They were subject to Defendant's common policy of failing to pay a proper overtime rate for hours worked over forty in a week.

49.     Plaintiff is unable to state the exact number of the collective but believe that the collective exceeds 8 persons.

50.     Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

51.     The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

52.     The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

### VI.     FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

53.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

54.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

55.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

56.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular

wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

57.    Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

58.    Despite Plaintiff's entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiff 1.5x her regular rate for all hours worked in excess of 40 per week.

59.    Defendant failed to pay Plaintiff for all hours worked.

60.    Defendant knew or should have known that its actions violated the FLSA.

61.    Defendant's conduct and practices, as described above, were willful.

62.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

63.    Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

64.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

65.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

66.    Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

67.    At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

68.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

69.    Defendant classified Plaintiff and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

70.    Defendant failed to pay Plaintiff and similarly situated employees 1.5x their regular rate for all hours worked in excess of 40 per week.

71.    Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

72.    Defendant knew or should have known that its actions violated the FLSA.

73.    Defendant's conduct and practices, as described above, were willful.

74.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which

occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

75.    Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

76.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.    THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

77.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

78.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

79.    At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

80.    Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5x regular wages for all hours worked over 40 in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

81.    Defendant classified Plaintiff as non-exempt from the requirements of AMWA.

82.     Defendant failed to pay Plaintiff overtime wages as required under the AMWA for all hours that Plaintiff worked in excess of forty per week.

83.     Defendant failed to pay Plaintiff for all hours worked.

84.     Defendant knew or should have known that its practices violated the AMWA.

85.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

86.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Tammie Camp, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.     Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B.     Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.     Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

D.     Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E.    An order directing Defendant to pay Plaintiff and all others similarly situated

interest, a reasonable attorney's fee and all costs connected with this action; and

F.    Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**TAMMIE CAMP, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Colby Qualls
Ark. Bar No. 2019246
colby@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TAMMIE CAMP, Individually and on**                                    **PLAINTIFF**
**Behalf of All Others Similarly Situated**

VS.                                        No. 4:21-cv-_____

**RT, INC., and JESSIE RUTH CULLUM**                          **DEFENDANTS**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly, bonusing worker for RT, Inc., and Jessie Ruth Cullum within the past three years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>miscalculated overtime wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**TAMMIE CAMP**
May 27, 2021

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**Kirkpatrick Plaza**
**10800 Financial Centre Parkway, Suite 510**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**